## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER ADOPTING REPORT AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | Case No. 3:23-cr-226 |
| Taron Dejuan Griffien, ) | |
| ) | |
| Defendant. ) | |

Defendant Taron Dejuan Griffien moves to suppress evidence derived from a GPS tracking warrant and requests a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Docs. 76; 78. Griffien also moves for dismissal of the indictment. Doc. 78. United States Magistrate Judge Alice R. Senechal held an evidentiary hearing on June 4, 2025. Doc. 82. The parties filed pre and post-hearing briefs. Docs. 76; 80; 87; 92. On October 31, 2025, Judge Alice R. Senechal filed a Report and Recommendation on the motions. Doc. 107. She recommends denying all of the motions. Id. Her report states:

> During the June 4 evidentiary hearing . . . [Drug Task Force Officer] Gossen testified and Griffien had a full opportunity to cross-examine him. Because the parties presented their evidence . . . and neither party suggests any additional information would be elicited at a second evidentiary hearing, this court recommends the district judge find the motion for a Franks hearing moot.
>
> Concerning the alleged Franks violation, in this court's opinion, Griffien has shown [Drug Task Force Officer] Gossen omitted facts from a declaration in reckless disregard of whether the omitted facts made his declaration misleading. But if [Drug Task Force Officer] Gossen had included the omitted information in his declaration, the reviewing judge may still have found probable cause supported issuance of the warrant. For that reason, this court recommends the district judge deny Griffien's motion to suppress and his motion to dismiss.

Id. at 2-3. Objections to the Report and Recommendation were due on November 24, 2025. Doc. 109. Griffien filed an objection. Doc. 110.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." United States v. Ceron, No. 2:15-CR-55, 2019 WL 3161785, at *1 (D.N.D. July 15, 2019) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

Griffien objects to Judge Senechal's finding that, even if Officer Gossen had included the omitted information in his declaration, the reviewing judge may still have found probable cause to issue the warrant. Doc. 110 at 9. He alleges Officer Gossen omitted the following information in the declaration:

> (1) CI-1 sold 94 M30 fentanyl pills approximately 12 days prior to the alleged controlled buy between CI-1 and Mr. Griffien; that CI-1 was a known drug dealer and drug dealer of the same alleged quality as Mr. Griffien; (2) that CI-1 lied to TFO Gossen upon their first interaction by unequivocally telling TFO Gossen that there would be no drugs found in CI-1's residence when, in fact, drugs were found in this residence; (3) that TFO Gossen did not develop CI-1 into a confidential information between May 10th and May 17th as TFO Gossen did not engage in any vetting of CI-1's claims, did not build a rapport with CI-1, or trained CI-1 on the specific informant protocols—rather, CI-1 only became a confidential informant mere moments before the May 15th alleged controlled buy; (4) that CI-1 never told TFO Gossen that he ever actually purchased fentanyl from Mr. Griffien *before* this alleged transaction; (5) that the audio recording of this alleged transaction did not demonstrate that a drug transaction, in fact, occurred; (6) that CI-1 deviated from the agreed-upon debriefing location and entered into CI-1's apartment complex and headed in the direction of his apartment; (7) that CI-1 remained in his apartment complex for 2 minutes and 30 seconds prior to exiting the apartment and proceeding to the debriefing location; (8) that CI-1 returned with only 19, not the agreed upon 20, M-30 fentanyl pills; (9) that CI-1 told TFO Gossen that his cell phone was dead and that is why CI-1 went into his apartment when this was fact was patently untrue; (10) that CI-1 explained that he always went back into his apartment after a buy from Mr. Griffien, yet CI-1 had never purchased M-30 pills previously from Mr. Griffien; and (11) that TFO Gossen did not conduct any follow up on the veracity of these assertions like searching CI-1's apartment, or even looking through the apartment complex—instead, TFO Gossen blindly-believed CI-1 . . . .

2

Id. at 11. Griffien argues that Judge Senechal's application of the Franks probable cause standard is "erroneous and misguided." Id. at 9. Specifically, "[had Officer] Gossen provided all these omitted facts, the presiding judge would not have found probable cause because there is no actual corroborative, objective, reliable evidence that Mr. Griffien, in fact, committed a crime." Id. at 13 (emphasis in original).

Griffien points to United States v. Lauria[1] as instructive. 70 4th 106 (2d Cir. 2023). The defendant in Lauria was convicted of robbery and brandishing a firearm. Id. at 111. Before trial, the defendant filed a motion to suppress, arguing evidence obtained via a search warrant should be excluded because the supporting affidavit contained material misstatements. Id. at 116. The misstatements included citing incorrect dates of the crimes, attributing phone numbers to the wrong people, and stating that coconspirators communicated with each other around the time of the crime when there was no evidence of that. Id. at 116-18. The Second Circuit Court of Appeals agreed and found removing the misstatements produced an affidavit that did not contain probable cause to issue the warrant. Id. at 126-31.

Griffien's case is distinguishable from Lauria. Lauria dealt with robbery and brandishing a firearm as opposed to controlled substances and firearm possession charges. Id. at 111. The issues in Lauria did not concern a controlled buy or affidavit omissions focused on a confidential informant. Further, Lauria's affidavit errors were misstatements rather than omissions. Id. at 125. The misstatements in Lauria are also distinguishable from the kinds of omissions alleged here. Lauria's incorrect dates, phone numbers, and erroneous description of evidence showing co-conspirator communication do not provide the Court with sufficient direction for Griffien's case.

---

[1] Griffien cites United States v. Molina in his brief. Doc. 110 at 13. A Westlaw search reveals this case is actually entitled United States v. Lauria. 70 F.4th 106 (2d Cir. 2023).

Instead, Judge Senechal's illustration of <u>United States v. Leonard</u> provides better guidance. 17 F.4th 218 (1st Cir. 2021). The <u>Leonard</u> defendant was indicted for controlled substances and firearm possession charges. <u>Id.</u> at 222. Like here, the case developed from a controlled drug buy using a confidential informant. <u>Id.</u> Details from the controlled buy were later included in a search warrant affidavit. <u>Id.</u> The <u>Leonard</u> defendant's motion to suppress focused on affidavit omissions similar to those alleged here. One omission concerned background noise that prevented a recording of the controlled drug purchase. <u>Id.</u> at 223. Another, similar to Griffien's case, involved the confidential informant's failure to meet with officers after the controlled buy. <u>Id.</u> More, the confidential informant in <u>Leonard</u> interacted with an unidentified person before giving the drugs to officers, which raised "at least a speculative possibility that someone other than [the defendant] had been the source of the drugs the CI turned over to police." <u>Id.</u> at 227. The First Circuit Court of Appeals found that including the omissions did not disturb the probable cause finding because other information in the affidavit provided adequate support. <u>Id.</u> Although Griffien's case presents several distinguishable—and less favorable—facts from those in <u>Leonard</u>, the Court cannot say that including the alleged omissions "would have made it impossible to find probable cause." <u>United States v. Stropes</u>, 387 F.3d 766, 771 (8th Cir. 2004) (citation omitted). After reviewing the facts and the law, the Court agrees with Judge Senechal's determination that, even if Officer Gossen had included the omitted information in his declaration, the reviewing judge may still have found probable cause for the warrant.

The Court has spent considerable time reviewing the motion, the Report and Recommendation, Griffien's objection, and the record as a whole. The Report and Recommendation is legally sound and persuasive. So, the Court **ADOPTS** the Report and Recommendation (Doc. 107) in its entirety. Griffien's motion to suppress (Doc. 76) is **DENIED**.

Griffien's motion to dismiss the indictment (Doc. 78) is also **DENIED**. Griffien's motion for a <u>Franks</u> hearing (Doc. 78) is **MOOT**.

    **IT IS SO ORDERED.**

Dated this 5th day of February, 2026.

<u>/s/ Peter D. Welte</u>
Peter D. Welte, Chief Judge
United States District Court
